Filing # 115312770 E-Filed 10/20/2020 05:17:02 PM



IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CIVIL DIVISION

RICHARD JOHN LUCIBELLA,

     Plaintiff,

                              CASE NO.: _____

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,

     Defendants.

_____/

## COMPLAINT

Plaintiff, Richard John Lucibella, sues Defendants, Officers Richard Ermeri and Nubia Plesnik and the Town of Ocean Ridge, Florida, and alleges:

1.    Plaintiff, Richard John Lucibella, hereinafter referred to as "Lucibella" or "Plaintiff," is an adult resident of Palm Beach County.

2.    Defendant, Officer Richard Ermeri, hereinafter referred to as "Ermeri," is an adult employee of Ocean Ridge Police Department and is sued in his individual capacity. Emeri had been on the Ocean Ridge force for two years at the time of the incidents described below and had been a prison guard in Glades County, Florida before that.

3.    Defendant Officer Nubia Plesnik, hereinafter referred to as "Plesnik," is an adult employee of Ocean Ridge Police Department and is sued in her individual capacity.

4.    The Town of Ocean Ridge, hereinafter referred to as "Ocean Ridge," is a municipal corporation formed pursuant to the laws of the State of Florida located within Palm Beach County.

5.      On October 22, 2016, Officer Ermeri responded to a report of shots heard in the vicinity of Old Ocean Boulevard, Ocean Ridge, adjacent to the Atlantic Ocean.

6.      When Ermeri arrived, he encountered pedestrians who indicated the shots could have originated from several different properties.

7.      While investigating the call, Ermeri eventually approached the gate to the yard of 5 Beachway North, which is Mr. Lucibella's personal residence. That residence is enclosed by a metal fence approximately four- and one-half feet in height, surrounded by a five-foot concrete privacy wall, with large hedges and other vegetation. The gate was closed and latched.

8.      Sergeant Hallahan, a third officer, arrived with Officer Ermeri, just before Officer Plesnik arrived, and agreed while at Lucibella's back gate, that he saw nothing out of the ordinary. Since "[i]t didn't look like there that anything was going on," Sergeant Hallahan left the area.

9.      Plesnik also was unconcerned.  At the gate with Ermeri and Hallahan, she did not see a firearm or anything else that warranted concern and left the area.

10.     While at the gate, Ermeri then asked if anyone heard gunfire.  Lucibella was sitting approximately 100 feet inside the gate on the back porch to his home with Lieutenant Wohlfiel, a friend and an off-duty police officer with the Ocean Ridge Police Department. Wohlfiel told Ermeri to "get the f[***] out of here."

11.     Ermeri was not to be deterred, however, even though he saw no signs of an emergency.  As Sergeant Hallahan and Officer Plesnik left, Ermeri immediately walked through Lucibella's backyard gate, without being invited.

12.     Ermeri approached Mr. Lucibella and Lieutenant Wohlfiel.

13.     Lieutenant Wohlfiel, well-liked in the department, was Ermeri's senior officer and one year away from retirement.

14. Ermeri asked Lucibella if he shot a firearm. Lucibella denied that he had.

15. Ermeri then saw a firearm that looked like a department-issued firearm and spent casings near Lieutenant Wohlfiel but did nothing to investigate whether Wohlfiel had fired any shots or whether the casings came from the department-issued firearm, instead choosing to focus on Lucibella. Angry and humiliated by Wohlfiel's attempted dismissal of him, *see* ¶ 10, *supra*, but unwilling to directly challenge a well-liked senior officer one year from retirement, Ermeri focused on Lucibella.

16. Ermeri radioed the other two officers for backup. Sergeant Hallahan returned to the scene. He observed that neither Lucibella nor Wohlfiel was threatening anyone or engaging in unlawful activity, even if they were not cooperating fully, and that Ermeri had no cause to arrest anyone. Hallahan even called the Ocean Ridge Police Chief, who agreed the officers should leave Lucibella's home and take the gun and the casings back to the department to write up a report and try to figure out what to do since no one would talk to them.

17. Nevertheless, Ermeri questioned Lucibella at length and then asked if Lucibella had any other firearms in his possession. While seated, Lucibella volunteered that he had a pistol in his right back pocket. Ignoring Lieutenant Wohlfiel, Ermeri asked Lucibella to surrender that firearm to him (Ermeri). Lucibella retrieved his firearm from his back pocket, cleared it, and handed it to Ermeri. (Lieutenant Wohlfiel later admitted that he had fired the shots.)

18. Lucibella made it clear to Ermeri he did not want to speak with him and said words to the effect of "get off my property" and "I don't trust you." Lucibella also questioned Ermeri's right to enter his property without a warrant. Lucibella then got up with the stated intention of getting a drink from Barbara Ceuleers, his significant other, who was standing in the doorway of the house.

19.     Ermeri, apparently realizing that he was trespassing on private property and smarting from having his authority challenged by Lucibella, Wohlfiel, Hallahan and the Chief, continued to escalate the situation.

20.     Without provocation, other than his bruised ego, Ermeri placed both hands on Lucibella's chest and pushed Lucibella backward to prevent him from going to get the drink from his significant other.

21.     Lucibella responded to this violent restraint by poking Ermeri's bullet-proof vest with his finger.  That was the final straw for Ermeri who was at a boiling point.  Ermeri forcefully and violently threw Lucibella down to the stone patio deck face first, breaking his eyeglasses, resulting in severe injuries to his eye and head, knocking him unconscious, and causing lacerations on his face requiring Emergency Room treatment and sutures. Plesnik admitted that the force was not gentle. Another witness described the sound of Lucibella's head hitting the stone patio deck as like a watermelon cracking open.

22.     Plesnik, who had also returned to the scene with Hallahan, leapt to her partner's side, did a knee drop, grinding her knee into Lucibella's back while he was unconscious and drenched in blood, fracturing several of Lucibella's ribs. Only after he regained consciousness was Lucibella told for the first time that he was under arrest and charged with multiple crimes, including Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence.

23.     After being taken into custody, Lucibella repeatedly requested that he be given breathalyzer and paraffin tests to show that he was not under the influence of alcohol and had not fired a firearm but was refused those requests.  (Lucibella knows about guns and paraffin tests because he has published a law enforcement newsstand magazine.)

24.     On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor with a jury finding him not guilty of the felonies of Resisting with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of misdemeanor simple Battery resulting from the finger-poke to Ermeri's bullet-proof vest.  The firearm charge was dropped by the prosecution at the beginning of trial.

25.     All acts material to this action occurred in Palm Beach County, Florida.

26.     All counts herein state causes of action for damages exceeding $30,000.00 exclusive of costs and attorney's fees, and Lucibella has complied with any and all conditions precedent to the filing of this Complaint.

27.     At all times material to this action, Defendants were acting in concert with one another, under color of state law, and pursuant to the policies, practices and customs of the Town of Ocean Ridge, which caused the constitutional deprivations alleged in this complaint.

### COUNT I
### (Battery Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and states:

28.     The allegations of paragraphs 1 through 27 are realleged as if fully set out herein.

29.     On October 22, 2016, Defendants Ermeri and Plesnik, acting in the course and scope of their employment, did unlawfully batter, touch, and strike Lucibella without the consent of Lucibella and against his will, resulting in several fractured ribs, a head injury, a black eye and severe lacerations on his face.

30.     Ermeri and Plesnik acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights based upon their personal animosity and hostility towards Lucibella after he challenged their authority to enter his property without a warrant and asked them to leave.

31.     As a result of the actions of Defendants, Ermeri and Plesnik, Lucibella suffered damages, which include physical suffering; physical inconvenience; physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages and costs of this action and requests a jury trial of all issues so triable.

## COUNT II
### (§ 1983 Excessive Force Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and states:

32.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

33.     On October 22, 2016, Defendants Ermeri and Plesnik, acting in the course and scope of their employment, did batter, touch, and strike Lucibella without his consent and against his will, resulting in several fractured ribs, a black eye and lacerations on his face.

34.     The force used by Ermeri and Plesnik was excessive and unreasonable under the circumstances and in violation of Lucibella's Fourth and Fourteenth Amendment rights under the United States Constitution.

35.     42 U.S.C. § 1983 provides a remedy for violation of these rights, and 42 U.S.C. § 1988 provides for attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

### COUNT III
#### (False Arrest or Imprisonment Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

36.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

37.     On or about October 22, 2016, Ermeri and Plesnik, acting in the course and scope of their duties as police officers employed by Ocean Ridge, arrested Lucibella.

38.     Ermeri and Plesnik physically deprived Lucibella of his freedom and liberty and restrained him in his movements both at the scene of the arrest and continuing at the jail operated by Ocean Ridge.

39.     Lucibella did not consent to the actions of Ermeri and Plesnik, and said actions were against the will of Lucibella.

40.     The restraint of Lucibella by Ermeri and Plesnik was unlawful and unreasonable in that it was not based upon lawfully issued process of court and Ermeri and Plesnik did not have a valid warrant for the arrest of Lucibella.

WHEREFORE, Plaintiff demands judgment against Ermeri and Plesnik for compensatory damages and costs of this action and demands a jury trial of all issues so triable.

### COUNT IV
#### (§ 1983 False Arrest/False Imprisonment Against Ermeri and Plesnik)

41.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

42.     Defendants Ermeri and Plesnik arrested or caused to be arrested Lucibella, without probable cause, for Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence, and without a warrant, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

**COUNT V**
(Malicious Prosecution Against Ermeri and Plesnik Based on Actual Malice)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

43.     Plaintiff realleges the allegations of Paragraphs 1 through 27, 30 and 31 as if fully set out as to this Count.

44.     On or about October 22, 2016, Ermeri and Plesnik arrested Lucibella for Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence.

45.     After arresting Lucibella, Ermeri and Plesnik caused a prosecution to be instituted against Lucibella in the Circuit Court, in and for Palm Beach County.

46.     On December 7, 2016, the State charged Lucibella by Information in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Court, Case No. 2016CF010468AMB, with Battery on a Law Enforcement Officer (Count I), Resisting an Officer with Violence (Count II), and Using a Firearm While Under the Influence of an Alcoholic Beverage (Count III), requiring that Lucibella appear in court to answer charges.

47.     That prosecution was instituted by Ermeri and Plesnik without probable cause, as the facts observed by Ermeri and Plesnik prior to arresting Lucibella, and the matters known to

them before instituting the aforementioned prosecution, would not have warranted a reasonable person to believe that any criminal offense had been committed by Lucibella.

48.     Defendants Ermeri and Plesnik made material misstatements or omissions of fact in support of the prosecutions.

49.     Ermeri and Plesnik acted with actual malice in instituting the aforesaid prosecution, which is implied by the lack of probable cause, and/or with express malice as shown by their reckless disregard for the rights of Lucibella and their personal animosity and hostility towards Lucibella.

50.     No prosecution of Lucibella would have occurred but for the actions of Ermeri and Plesnik.

51.     On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor when the jury found him not guilty of Resisting Arrest with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of simple Battery. The firearm charge was dropped by the prosecution at the beginning of trial.

52.     The fact of Lucibella's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County, appearing on court documents available for public scrutiny, and being reported in the media.

53.     As a result of the actions of Ermeri and Plesnik, Lucibella experienced emotional anguish and suffering; embarrassment; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; legal fees for his defense of the criminal charges; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, costs of litigation, and trial by jury.

## COUNT VI
(§ 1983 Malicious Prosecution/Continuing Seizure Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

54.     Plaintiff realleges the allegations of Paragraphs 1 through 27, 30, 31 and 44-53 as if fully set out as to this Count.

55.     As a result of Ermeri and Plesnik's actions, Lucibella was required to appear at numerous judicial proceedings for 28 months and was subjected to a continuing seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

## COUNT VII
(§ 1983 Unreasonable Search Against Ermeri and Plesnik)

56.     Plaintiff realleges all allegations of paragraphs 1 through 27, 30 and 31 as if fully set forth herein.

57.     On October 22, 2016, Ermeri and Plesnik entered and searched Lucibella's curtilage without a warrant, consent, exigent circumstances, or any legal justification.

58.     Ermeri and Plesnik's unlawful search violated Lucibella's right to be free from unreasonable searches in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

**COUNT VIII**
(Malicious Prosecution Based on Legal and Not Actual Malice Arising from Arrest
and Prosecution Against Ocean Ridge)

59.     Plaintiff realleges all allegations of paragraphs 1-27, 44-48, 50-53 and 55 as if fully set forth herein.

60.     After causing Lucibella to be arrested, Ermeri and Plesnik caused a prosecution to be instituted against Lucibella in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Court, Case No. 2016CF010468AMB, requiring that Lucibella appear in Court to answer charges.

61.     Said prosecution was instituted with legal malice implied by the lack of probable cause, as the facts observed by Ocean Ridge through Ermeri and Plesnik prior to arresting Lucibella, and the matters known to them before the instituting of the aforementioned prosecution, would not have warranted a reasonable person to believe that any criminal offense had been committed by Lucibella.

62.     No prosecution of Lucibella would have occurred but for the actions of Ocean Ridge through Ermeri and Plesnik.

63.     On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor when the jury found him not guilty of Resisting Arrest with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of simple Battery. The firearm charge was dropped by the prosecution at the beginning of trial.

64.     The fact of Lucibella's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County and appearing on court documents available for public scrutiny.

65.     As a result of the Town's actions, Lucibella suffered damages, which include physical suffering; physical inconvenience; physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ocean Ridge for compensatory damages and costs of this action and demands a jury trial of all issues so triable.

**COUNT IX**
(§ 1983 Malicious Prosecution/Continuing Seizure Against Ocean Ridge)

Plaintiff sues Defendant Town of Ocean Ridge and alleges:

66.     Plaintiff realleges the allegations of Paragraphs 1-27, 44-48, 50-53, 55 and 65 as if fully set out as to this Count.

67.     As a result of the Town's actions, Lucibella was required to appear at numerous judicial proceedings for 28 months and was subjected to a continuing seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Town of Ocean Ridge for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

Respectfully submitted,


/s/ *James K. Green*
James K. Green,
Florida Bar No: 229466
Nancy A. Udell, Esq.
Florida Bar No: 125478
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL  33401
Tel:  561-659-2029
Fax:  561-655-1357
jkg@jameskgreenlaw.com

**Counsel for Plaintiff**

Filing # 116432814 E-Filed 11/10/2020 12:52:17 PM

## VERIFIED RETURN OF SERVICE

**State of Florida**          **County of Palm Beach**                    **Circuit Court**

Case Number: 50-2020-CA-011854 XXX MB

Plaintiff:
**RICHARD JOHN LUCIBELLA**

vs.

Defendant:
**OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and TOWN OF OCEAN
RIDGE**

For:
James Green
JAMES K. GREEN, P.A.
222 Lakeview Ave.
Suite 1650 Esperante
West Palm Beach, FL 33401

Received by SIGNED, SEALED & DELIVERED INC. on the 2nd day of November, 2020 at 8:22 am to be
served on **Officer Richard Ermeri, Town of Ocean Ridge, 6450 North Ocean Boulevard, Ocean Ridge,
FL 33435.**

I, Joseph Leonardi, do hereby affirm that on the **3rd day of November, 2020 at 12:05 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT**
with the date and hour of service endorsed thereon by me, to: **J Simpson** as **Liasion** at the address of:
**6450 North Ocean Boulevard, Ocean Ridge, FL 33435**, who stated they are authorized to accept
service for **Officer Richard Ermeri**, and informed said person of the contents therein, in compliance with
state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server in good standing in the judicial circuit in which the process was served. UNDER PENALTY OF
PERJURY, I declare that I have read the foregoing proof of service and that the facts stated in it are true.
(F.S.92.525) NO NOTARY REQUIRED PURSUANT TO F.S.92.525S).

Joseph Leonardi
Process Server #364

**SIGNED, SEALED & DELIVERED INC.
777 SOUTH FLAGLER DRIVE
SUITE 800 WEST TOWER
WEST PALM BEACH, FL 33401
(561) 655-0205**

Our Job Serial Number: SSD-2020001499

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1w

Filing # 116432814 E-Filed 11/10/2020 12:52:17 PM

## VERIFIED RETURN OF SERVICE

**State of Florida**                    **County of Palm Beach**                         **Circuit Court**

Case Number: 50-2020-CA-011854 XXX MB

Plaintiff:
**RICHARD JOHN LUCIBELLA**

vs.

Defendant:
**OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and TOWN OF OCEAN
RIDGE**

For:
James Green
JAMES K. GREEN, P.A.
222 Lakeview Ave.
Suite 1650 Esperante
West Palm Beach, FL 33401

Received by SIGNED, SEALED & DELIVERED INC. on the 2nd day of November, 2020 at 8:22 am to be served on **Officer Nubia Plesnik, Town of Ocean Ridge, 6450 North Ocean Boulevard, Ocean Ridge, FL 33435.**

I, Joseph Leonardi, do hereby affirm that on the **3rd day of November, 2020** at **12:05 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **J Simpson** as **Liasion- Authorized To Accept** at the address of: **6450 North Ocean Boulevard, Ocean Ridge, FL 33435,** who stated they are authorized to accept service for **Officer Nubia Plesnik,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. UNDER PENALTY OF PERJURY, I declare that I have read the foregoing proof of service and that the facts stated in it are true. (F.S.92.525) NO NOTARY REQUIRED PURSUANT TO F.S.92.525S).

Joseph Leonardi
Process Server #364

**SIGNED, SEALED & DELIVERED INC.
777 SOUTH FLAGLER DRIVE
SUITE 800 WEST TOWER
WEST PALM BEACH, FL 33401
(561) 655-0205**

Our Job Serial Number: SSD-2020001498

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1w

Filing # 116432814 E-Filed 11/10/2020 12:52:17 PM

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
|---|---|---|

Case Number: 50-2020-CA-011854 XXX MB

Plaintiff:
**RICHARD JOHN LUCIBELLA**

vs.

Defendant:
**OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and TOWN OF OCEAN
RIDGE**

For:
James Green
JAMES K. GREEN, P.A.
222 Lakeview Ave.
Suite 1650 Esperante
West Palm Beach, FL 33401

Received by SIGNED, SEALED & DELIVERED INC. on the 2nd day of November, 2020 at 8:22 am to be served on **Tracey L. Stevens, MMC, Town Manager & Finance Director - Town Of Ocean Ridge, 6450 North Ocean Boulevard, Ocean Ridge, FL 33435.**

I, Joseph Leonardi, do hereby affirm that on the **3rd day of November, 2020 at 12:10 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **J. Hallahan** as **Authorized To Accept** at the address of: **6450 North Ocean Boulevard, Ocean Ridge, FL 33435,** who stated they are authorized to accept service for **Tracey L. Stevens, MMC,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: F, Race/Skin Color: WHITE, Height: 5'7, Weight: 150, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. UNDER PENALTY OF PERJURY, I declare that I have read the foregoing proof of service and that the facts stated in it are true. (F.S.92.525) NO NOTARY REQUIRED PURSUANT TO F.S.92.525S).

**Joseph Leonardi**
Process Server #364

**SIGNED, SEALED & DELIVERED INC.
777 SOUTH FLAGLER DRIVE
SUITE 800 WEST TOWER
WEST PALM BEACH, FL 33401
(561) 655-0205**

Our Job Serial Number: SSD-2020001497

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1w



Filing # 116481301 E-Filed 11/11/2020 08:47:23 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD JOHN LUCIBELLA                Case No. 2020-CA-011854-XXX-MB-FY/IX

     Plaintiff,

v.

OFFICERS RICHARD ERMERI, NUBIA
PLESNIK, and TOWN OF OCEAN RIDGE,

     Defendants.

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF ELECTRONIC MAIL ADDRESSES

PLEASE TAKE NOTICE that Frank M. Mari of the law firm of Bell & Roper, P.A., hereby files his notice of appearance as counsel on behalf of the Defendants, RICHARD ERMERI and NUBIA PLESNIK, in the above-styled cause and pursuant to the Florida Supreme Court's mandate regarding service by electronic mail, Florida Rule of Judicial Administration 2.516(b)(1), Service of Pleadings and Documents and designates as follows:

| | |
|---|---|
| **Primary E-Mail Address:** | fmari@bellroperlaw.com |
| **Secondary E-Mail Address:** | ihaines@bellroperlaw.com |

Pursuant to the Rule, effective September 1, 2012, all filing must be sent to each of the above-designated electronic mail addresses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Courts E-filing Portal on this 11th day of November, 2020 to:  James K. Green,

Esquire, James K. Green, P.A., 222 Lakeview Avenue, West Palm Beach, FL 33401 at:

jkg@jameskgreenlaw.com (Attorney for Plaintiff) and Lyman Reynolds, Esquire and Andrea G.

Amigo, Esquire, Roberts, Reynolds, Bedard & Tuzzio, P.A., 470 Columbia Drive, Suite C101,

West Palm Beach, FL 33409 at: service_LHR@rrbpa.com (Attorney for Town of Ocean Ridge)

/s/ Frank M. Mari
Frank M. Mari, Esquire
Florida Bar No. 93243
Primary:  fmari@bellroperlaw.com
Secondary:  ihaines@bellroperlaw.com
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL  32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
*Attorney for Defendants: Richard Ermeri and Nubia Plesnik*

Filing # 115312770 E-Filed 10/20/2020 05:17:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CIVIL DIVISION

RICHARD JOHN LUCIBELLA,
      Plaintiff.

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,
      Defendants.

_____/

CASE NO.: _____

**NOTICE OF RELATED OR COMPANION CASE
AND MOTION TO TRANSFER TO JUDGE NUTT**

      Plaintiff, Richard John Lucibella, pursuant to Administrative Order 2.302-9/08, hereby

gives notice that this case is a related or companion case to *Plesnik v. Lucibella*, Case No.: 50 2017

CA 6296 XXXX MB AO, and hereby moves to transfer this case to Judge Nutt.



      Respectfully submitted,

*/s/ James K. Green*
James K. Green,
Florida Bar No: 229466
Nancy A. Udell, Esq.
Florida Bar No: 125478
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357
jkg@jameskgreenlaw.com

**Counsel for Plaintiff**

Filing # 116422028 E-Filed 11/10/2020 11:32:25 AM

17-142/aga/trt

**IN THE CIRCUIT COURT OF THE**
**FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 50-2020-CA-011854-XXXX-MB**

RICHARD LUCIBELLA,

        Plaintiff,

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,

        Defendants.

_____/

<u>**NOTICE OF APPEARANCE**</u>

COMES NOW the law firm of ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC, reserving all rights including the right to object to the jurisdiction of this Court, on behalf of Defendant, TOWN OF OCEAN RIDGE, and hereby enters its appearance for and on behalf of said Defendant in the above–styled cause.

It is requested that all future pleadings be copied to the undersigned, Attention: ANDREA G. AMIGO, ESQUIRE

It is requested that Roberts, Reynolds, Bedard & Tuzzio, PLLC be added to the Certificate of Service list effective immediately.

<u>**DESIGNATION OF EMAIL ADDRESS PURSUANT TO RULE 2.516**</u>

The undersigned hereby designates the following e-mail address for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

        E-Service/Primary Email Address:   <u>service_LHR@rrbpa.com</u>

Correspondence & Scheduling Emails: aamigo@rrbpa.com & ttravis@rrbpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 10th day of November, 2020.

> **ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
> 470 Columbia Drive, Bldg. C101
> West Palm Beach, FL  33409
> Phone: 561-688-6560/Fax: 561-688-2343
> E-Service: service_LHR@rrbpa.com
> Email: aamigo@rrbpa.com
> Attorneys for Defendant Town of Ocean Ridge
>
>
> */s/ Lyman H. Reynolds, Jr.*
> LYMAN H. REYNOLDS, JR.
> Florida Bar No: 380687
> ANDREA G. AMIGO
> Florida Bar No.: 11026

STYLE:          LUCIBELLA v. TOWN OF OCEAN RIDGE
CASE NO.:       50-2020-CA-011854-XXXX-MB
OUR FILE NO.:   17-142

## **COUNSEL LIST**

JAMES K. GREEN, ESQ.
JAMES K. GREEN, P.A.
222 Lakeview Avenue
Suite 1650, Esperantè
West Palm Beach, FL 33401
Counsel for Plaintiff
PHONE: 561.659.2029
FAX: 561-655-1357
EMAIL: jkg@jameskgreenlaw.com
E-SERVICE: jkg@jameskgreenlaw.com
FBN: 229466


LYMAN H. REYNOLDS, JR., ESQ.
ANDREA G. AMIGO, ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida 33409
Counsel for Defendant Town of Ocean Ridge
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: aamigo@rrbpa.com
          ttravis@rrbpa.com
FBN: 380687/ 11026

Filing # 115312770 E-Filed 10/20/2020 05:17:02 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Richard John Lucibella</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Richard Ermeri, Nubia Plesnick, Town of Ocean Ridge</u>
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

III.     **TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
　　　☐ Residential Evictions
　　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

　　Nine

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
　　　☐ yes
　　　☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　　☐ no
　　　☒ yes If "yes," list all related cases by name, case number, and court.
　　　Plesnik v. Lucibella, Case No.: 50 2017 CA 6296 XXXX MB AO

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　　☒ yes
　　　☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ James K Green　　　　　　　Fla. Bar # 229466
　　　　　　Attorney or party　　　　　　　　　　　(Bar # if attorney)

James K Green　　　　　　　　　　10/30/2020
　(type or print name)　　　　　　　Date

- 3 -

Filing # 115312770 E-Filed 10/22/2020 02:21:43 PM

**FORM 1.997.**        **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE <u>CIRCUIT</u>      COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Plaintiff <u>RICHARD JOHN LUCIBELLA</u>          Case#:_____

Judge _____

vs.

Defendant <u>Officers Richard Ermeri, Nubia</u>
<u>Plesnik & Town of Ocean Ridge</u>

**II.     AMOUNT OF CLAIM**
**Please indicate the estimated amount of the claim, rounded to the nearest dollar, <u>$30,000</u> +_**

**III.  TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category,) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

# <u>CIRCUIT</u> <u>CIVIL</u>

Condominium
Contracts and indebtedness
Eminent domain_
Auto negligence_
Negligence-other

        Business governance
        Business torts
        Environmental/Toxic tort
_       Third party indemnification
        Construction defect
        Mass tort
        Negligent security
        Nursing home negligence
        Premises liability commercial

Premises liability-residential

Products liability

Real property/Mortgage foreclosure

Commercial foreclosure

Homestead residential foreclosure

Non-homestead residential foreclosure

Other real property actions

☐ Professional malpractice
Malpractice-business
Malpractice-medical
Malpractice-other professional

☐ Other
Antitrust Trade regulation
Business transactions
Constitutional challenge-statute or ordinance
Constitutional challenge-proposed amendment
Discrimination-employment or other
Insurance claims
Intellectual propelty
Libel/Slander
Shareholder derivative action
Securities litigation
Trade secrets
Trust litigation

## <u>COUNTY CJVIL</u>

Civil

Replevins

Evictions

Other civil (non-monetary)

IV. **REMEDIES SOUGHT** (check all that apply):
X    Monetary;
Nonmonetary declaratory or injunctive relief;
Punitive

V. **NUMBER OF CAUSES OF ACTION:** [9]
(Specify) Battery against Ermeri and Plesnik; §1983 Excessive Force against Ermeri and Plesnik;
False Arrest or Imprisonment against Ermeri and Plesnik; §1983 False Arrest/False Imprisonment
Against Ermeri and Plesnik; Malicious Prosecution against Ermeri and Plesnik based on Actual
Malice; §1983 Malicious Prosecution/Continuing Seizure against Ermeri and Plesnik; §1983
Unreasonable Search against Ermeri and Plesnik; Malicious Prosecution Based on Legal and
Not Actual Malice Arising from Arrest and Prosecution against Ocean Ridge; and §1983 Malicious
Prosecution/Continuing Seizure against Ocean Ridge

VI.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
yes

X    no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE DEEN FILED?**

No

X    Yes If "yes," list all related cases  by name, case number,  and court.    _____

Plesnik v. Lucibella, Case No.: 50 2017 CA 006296 *XXXX* MB AO

_____

_____

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**

X    yes

no

I CERT[FY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements  of Florida Rule of Judicial Administration 2.425.

Signature:        s/ James K. Green        Fla. Bar#  229466
_____

James K Green        October 20, 2020
_____        _____

(Type or Print Name)        Date

Filing # 117156845 E-Filed 11/23/2020 04:43:18 PM

17-142/aga/trt

**IN THE CIRCUIT COURT OF THE**
**FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 50-2020-CA-011854-XXXX-MB**

RICHARD LUCIBELLA,

        Plaintiff,

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,

        Defendants.

_____/

## DEFENDANT TOWN OF OCEAN RIDGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

        COMES NOW, Defendant, TOWN OF OCEAN RIDGE ("Town"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Florida Rule of Civil Procedure 1.140(b), hereby files its Motion to Dismiss Plaintiff's, RICHARD LUCIBELLA ("Lucibella"), Complaint and, in support thereof, states as follows:

### I.    INTRODUCTION

        On October 20, 2020, Lucibella filed a complaint consisting of nine (9) counts against three (3) named defendants. Of the nine counts which Lucibella has attempted to set forth, two (2) are directed at Town. Lucibella's first count against Town, Count VIII of the complaint, attempts to state a cause of action for malicious prosecution based on "legal malice" under state law. Lucibella's second count against Town, Count IX of the complaint, attempts to set forth a federal

malicious prosecution claim against Town pursuant to 42 U.S.C. § 1983. A true and correct copy of Lucibella's complaint is attached hereto as *Exhibit A.*

Count VIII of the complaint alleges that Co-Defendants, Officers Richard Ermeri and Nubia Plesnik[1], caused a prosecution to be instituted against Lucibella and that said prosecution was instituted with legal malice implied by the lack of probable cause. Lucibella alleges that the facts observed by Town through Officers Ermeri and Plesnik prior to arresting Lucibella and the matters known to Town before instituting the prosecution of Lucibella would not have warranted a reasonable person to believe that any criminal offense had been committed by Lucibella. Lucibella further alleges that no prosecution of Lucibella would have occurred but for the actions of Town through Officers Ermeri and Plesnik. Count IX alleges that, as a result of Town's actions, Lucibella was required to appear at numerous judicial proceedings for 28 months and was subjected to a continuing seizure in violation of the Fourth and Fourteenth Amendments.

As set forth below, Counts VIII and IX of the complaint should be dismissed as a matter of law. First, Town is immune from suit and liability for Plaintiff's common law malicious prosecution claim. Second, Plaintiff's complaint fails to sufficiently allege (1) that the termination of the original proceeding constituted a bona fide termination of that proceeding in Plaintiff's favor and (2) that there was an absence of probable cause, which is fatal to Plaintiff's claims against Town. Third, Plaintiff failed to comply and failed to allege compliance with the mandatory pre-suit notice requirements of § 768.28, *Fla. Stat*. Finally, Plaintiff has failed to allege a viable § 1983 malicious prosecution claim against Town.

## II.      ARGUMENT & MEMORANDUM OF LAW

---

[1] Plaintiff has sued Defendant Nubia Savino in her former name, Nubia Plesnik.

### a.  Standard for Dismissal[2]

#### i.  *Federal Standard*

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and while the rule does not require "detailed factual allegations[,]" the factual allegations set forth are required to "raise a right to belief above the speculative level[.]" *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County,* 21 F. 3d 1531, 1534 (11th Cir. 1994). Although factual allegations must be accepted as true, for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993). Moreover, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged or that a defendant has violated laws in ways that have not been alleged. *See Beck v. Interstate Brands Corp.,* 953 F. 2d 1275, 1276 (11th Cir. 1992). Likewise, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See B.H. Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed 2d 209 (1986). Although the federal rules ascribe to liberality

---

[2]      Town has sought removal of this action to federal court pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446(b)(3).

in pleadings, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. *See Leeds v. Meltz,* 85 F. 3d 51, 53 (2d Cir. 1996).

### ii. Florida standard

"In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Garnac Grain Co., Inc. v. Mejia,* 962 So. 2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." *South Riverwalk Investments, LLC v. City of Ft. Lauderdale,* 934 So. 2d 620, 622 (Fla. 4th DCA 2006). However, "[a] court may not go beyond the four corners of the complaint" in determining the sufficiency of the pleadings. *Mejia,* 962 So. 2d at 410; *see also Kreizinger v. Schlesinger,* 925 So. 2d 431, 432-33 (Fla. 4th DCA 2006). A motion to dismiss does not admit allegations that are contradicted by the record or by matters of which the court may take judicial notice. *Byrne Realty Co. v. South Florida Farms Co.,* 89 So. 318, 327 (Fla. 1921); *Mills v. Ball,* 372 So. 2d 497, 498 (Fla. 1st DCA 1979).

### b. Town is immune from Plaintiff's common law malicious prosecution claim

In Florida, sovereign immunity is the rule, rather than the exception. *City of Orlando v. West Orange Country Club, Inc.*, 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009). However, in 1975, §768.28 *Fla. Stat*. was enacted, which, by its terms, is described as a *limited* waiver of the sovereign immunity of the state and its subdivisions for torts committed within the scope of an employee's office or employment. §768.28(5), *Fla. Stat.* Where an officer commits an act while acting outside the course and scope of his or her employment *or* commits an act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard, the state or its subdivisions shall not be liable in tort for the acts of the officer. § 768.28(9), *Fla. Stat.* Indeed,

Florida's sovereign immunity statute renders liability for officers and municipalities mutually exclusive. *Perez v. School Bd. of Miami-Dade Cty.,* 917 F. Supp. 2d 1261, 1268 (S.D. Fla. 2013). Furthermore, a municipal entity is immune from suit when its employee does not act within the scope of employment or acts in bad faith or with malicious purpose. *Willis v. Dade County School Bd.,* 411 So. 2d 245, 246 (Fla. 3d DCA 1982).

Implicit in a cause of action for malicious prosecution is the requirement that the prior proceeding be instituted with malice. Therefore, courts have held that "malice is not only an essential element, but it is the gist of the cause of action." *Sebring Utils. Comm'n v. Sicher,* 509 So. 2d 968, 970 (Fla. 2d DCA 1987). Florida law bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees. *Id.*; *City of Coconut Creek v. Fowler,* 474 So.2d 820 (Fla. 4th DCA 1985); *Hambley v. State, Dep't of Natural Res.,* 459 So.2d 408 (Fla. 1st DCA 1984); *Craven v. Metro. Dade County,* 545 So.2d 932, 933 (Fla. 3d DCA 1989); *Johnson v. State Dep't of Health & Rehabilitative Servs.,* 695 So.2d 927, 930 (Fla. 2d DCA 1997); *Geidel v. City of Bradenton Beach,* 56 F. Supp. 2d 1359, 1370 (M.D. Fla. 1999); *Borges v. City of West Palm Beach,* 1994 WL 397301, *5 (S.D. Fla. 1994).

In *Gomez v. Lozano,* 759 F. Supp. 2d 1335, 1336 (S.D. Fla. 2011), the plaintiff sued the City of Miami Beach for malicious prosecution following his arrest by the City's police officers. The court granted the City's motion to dismiss finding that the fifth element (the necessity of malice) defeats the malicious prosecution claim against the City because Florida has refused to waive sovereign immunity in cases where an employee acts with malice. *Id.* at 1337.

Here, Plaintiff attempts to circumvent Town's sovereign immunity under § 768.28 by asserting that his malicious prosecution claim against Town is based on "legal malice" and not actual malice. Specifically, Plaintiff labels Count VIII as "Malicious Prosecution Based on Legal

and Not Actual Malice Arising from Arrest and Prosecution Against Ocean Ridge" and he alleges that the prosecution initiated by Officers Ermeri and Plesnik was "instituted with legal malice implied by the lack of probable cause…" *Ex. A,* ¶ 61. However, courts have repeatedly rejected this argument.

In *Davis v. City of Apopka*, 734 Fed. Appx. 616, 623 (11th Cir. 2018), the plaintiff sued the city for malicious prosecution based on "legal malice." The plaintiff asserted that there is a distinction between "actual malice" (for which the city would be immune) and "legal malice" that is, the absence of probable cause, which is all that a malicious prosecution claim requires. *Id.* The Eleventh Circuit rejected this argument and found that it is well settled that a city's immunity would reach malicious prosecution claims. *Id.* The *Davis* court further emphasized that "malice is not only an essential element of malicious prosecution; it is the gist of such a cause of action." *Id.*

In *Whittington v. Town of Surfside*, 2007 WL 9702399 (S.D. Fla. 2007), the court rejected plaintiff's argument that that a governmental entity may be held liable for malicious prosecution where the evidence shows the governmental entity acted with "legal malice" toward the plaintiff. The court concluded that a malicious prosecution action cannot be brought against a Florida governmental entity because '[m]alice is not only an essential element of malicious prosecution; it is the gist of such a cause of action." The court further concluded that § 768.28(9)(a) bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees." The court dismissed the malicious prosecution claim with prejudice.

In *Hutchinson v. City of St. Petersburg*, 2005 WL 1944410, *1 (M.D. Fla. Aug. 12, 2005), court rejected plaintiff's argument that the alleged actions were committed with "legal malice" rather than actual malice and held that Florida courts "routinely rely on sovereign immunity statute to dismiss claims of malicious prosecution, and there is no indication that a difference between

legal and actual malice exists under Florida law." (quoting *Sebring Utils. Comm'n v. Sicher*, 509 So. 2d 968, 970 (Fla. 2d DCA 1987)).

As in *Davis, Whittington, and Hutchinson*, this Court should reject Plaintiff's malicious prosecution claim against Town based on "legal malice" and dismiss Plaintiff's claim with prejudice as a matter of law since Town is immune from suit and liability for this claim.

### c.  Plaintiff's Complaint fails to allege a malicious prosecution claim

Even if this Court finds Town is not entitled to sovereign immunity pursuant to § 768.28(9)(a), *Fla. Stat.*, Plaintiff's complaint fails to state a cause of action for malicious prosecution under Florida law. To state a cause of action for malicious prosecution in Florida, a plaintiff must establish six elements: (1) an original criminal or civil proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Gomez*, 759 F. Supp. 2d at 1337. If any one of the elements is lacking, an action for malicious prosecution will not lie. *Union Oil of California Amsco Div. v. Watson*, 468 So. 2d 349, 353 (Fla. 3d DCA 1985). Here, Plaintiff's complaint fails to sufficiently allege (1) that the termination of the original proceeding constituted a bona fide termination of that proceeding in his favor and (2) that there was an absence of probable cause.

An essential element for a malicious prosecution claim is a bona fide termination of the prior judicial proceedings in favor of the plaintiff. *Dorf v. Usher*, 514 So. 2d 68 (Fla. 4th DCA 1987). Merely alleging that a prior action ended favorably is not enough. *Valdes v. GAB Robins*

*North America, Inc.*, 924 So. 2d 862, 866 (Fla. 3d DCA 2006)(court affirmed dismissal of malicious prosecution claim where complaint failed to allege a bona fide termination of a prior proceeding in plaintiff's favor). Furthermore, a conviction of a lesser included offense, although the plaintiff is exonerated on the greater charge, is not a bona fide termination in favor of the plaintiff. *Warriner v. Burdines, Inc.*, 93 So. 2d 108 (Fla. 1957); *Fridovich v. Fridovich*, 573 So.2d 65, 71 (Fla. 4th DCA 1990); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, (S.D. Fla. 2000).

In *Fridovich*, the court affirmed the dismissal of a plaintiff's malicious prosecution claim where, although the plaintiff was not convicted of first-degree murder, he was convicted of manslaughter, which is a lesser included offense. *Id.* The *Fridovich* court, citing to the Florida Supreme Court opinion in *Warriner*, held that the plaintiff's conviction of the lesser-included offense did not constitute bona fide termination in favor of the plaintiff and, thus, the plaintiff's malicious prosecution claim failed. *Id.*

Plaintiff's complaint fails to allege a bona fide termination of the prior criminal proceeding. Rather, Plaintiff merely alleges that "the criminal proceeding was terminated in [his] favor…" *Ex. A*, ¶ 24. This is insufficient to state a claim for malicious prosecution and dismissal on this basis alone is warranted. *Valdes, supra.* Also, it is undisputed that, while Plaintiff was not convicted of resisting arrest with violence and battery on a law enforcement officer, he was convicted of the lesser-included offense of battery. *Ex. A*, ¶ 24. Therefore, there was not a bona fide termination of the prior criminal proceeding in favor of Plaintiff. *See Warriner, Fridovich, supra.*

Furthermore, probable cause is a complete defense to a malicious prosecution claim. *Brimage-Nesmith v. Bay Credit Union*, 2017 WL 3567975, *1 (N.D. Fla. Aug. 17, 2017). A judgment of conviction is conclusive evidence of probable cause unless the judgment was obtained by fraud, perjury or other corrupt means. *Padrevita v. City of Lake Worth*, 367 So. 2d 739, 741-42

(Fla. 4th DCA 1979)(court affirmed dismissal of malicious prosecution claim where plaintiff failed to allege sufficient facts to overcome presumption of probable cause created by his criminal convictions). In analyzing the allegations necessary to overcome the presumption of probable cause created by a judgment of conviction, the Fourth DCA in *Padrevita* emphasized:

> The bare allegation of want of probable cause contained in the complaint is not a sufficient allegation where a conviction before the trial court is admitted in the complaint. Averments of conspiracy and of the knowledge of the falsity of the charge and the sprinkling of the complaint with vituperative epithets such as 'premeditatedly, wickedly, and with studied care and protracted deliberation' are not allegations of fraud…The facts constituting fraud must be set forth.

"The determinative factor as to the existence of probable cause as an element of a malicious prosecution action is whether the suit was brought without reasonable prospect of success. Acquittal or dismissal of charges…does not by itself establish improbability of the suit." *Phelan v. City of Coral Gables*, 415 So. 2d 1292, 1294 (Fla. 3d DCA 1982).

It is undisputed that Plaintiff was convicted of battery. *Id.* at ¶ 24. Plaintiff's complaint is completely devoid of any allegation that his conviction was obtained by fraud, perjury, or other corrupt means. Nor does Plaintiff allege any facts to overcome the presumption of probable cause created by his battery conviction. Instead, Plaintiff's complaint contains bare and conclusory allegations that the prosecution was "instituted by the Town's officers without probable cause." *Ex.* A, ¶ 47. As in *Padrevita*, Plaintiff's bare and conclusory allegations of a want of probable cause are insufficient to allege a malicious prosecution claim. Also, while Plaintiff alleges the firearm charge was dropped by the prosecution at the beginning of trial [*Ex. A*, ¶ 24], the dismissal of charges does not, by itself, establish lack of probable cause. *Phelan, supra.* Accordingly, Plaintiff's complaint fails to state a claim for malicious prosecution against Town and should be dismissed.

### d. Plaintiff failed to comply with mandatory pre-suit notice requirements pursuant to § 768.28

It is beyond dispute that a claim for malicious prosecution is an action in tort. Town is a municipality and a subdivision of the state which enjoys sovereign immunity except as waived by the legislature under § 768.28, *Fla. Stat.* Prior to instituting suit against the state or any of its subdivisions, Plaintiff must comply with certain mandatory pre-suit notice requirements. A condition precedent to maintaining a tort action against Town is the timely filing, pursuant to subsection 768.28(6), *Fla. Stat.*, of a notice of claim with the Town. *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla. 1979).

Section 768.28(6), *Fla. Stat.*, states, in pertinent part:

(a)    An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality... or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing...

(b)    For purposes of this section the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action ...

...

(d)    [T]he failure of ... the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section.

Established case law makes it clear that strict compliance with the notice requirements of this statute is necessary to maintain an action against the state, its agencies or subdivisions. See *Menendez v. North Broward Hosp. Dist.*, 537 So. 2d 89 (Fla. 1988); *Levine v. Dade County Sch Bd.*, 442 So. 2d 210 (Fla. 1983); *Osten v. City of Homestead*, 757 So. 2d 1243 (Fla. 3d DCA 2000). The purpose of the notice requirement is, "giving the appropriate entities an opportunity to

Page **10** of **17**

investigate and time to respond." *Metropolitan Dade County v. Reyes*, 688 So.2d 311 (Fla. 1996); *Cunningham v. Department of Children and Families*, 782 So.2d 913 (Fla. 1st DCA), rev. denied, 797 So.2d 585 (Fla. 2001).

In addition, to properly plead a tort claim against a sovereign defendant, a plaintiff is required to allege the specific methods by which the sovereign waived its sovereign immunity. The waiver of sovereign immunity must be clear and unequivocal. *Manatee County v. Town of Longboat Key,* 365 So.2d 143, 147 (Fla.1978); *Rabideau v. State,* 409 So.2d 1045, 1046 (Fla.1982). Any waiver of sovereign immunity is strictly construed, *Manatee County,* 365 So.2d at 147, and will not be found as a product of inference or implication. *Spangler v. Fla. State Tpk. Auth.,* 106 So.2d 421, 424 (Fla. 1958). The complaint in the case at bar fails to include any allegations of the waiver of Town's sovereign immunity, let alone the specific methods by which Town waived its sovereign immunity. Dismissal of the complaint is further warranted because (1) Plaintiff failed to serve the § 768.28 statutory notice of claim against Town; (2) there has been no final disposition of these claims by Town, nor has the six (6) months' time period lapsed; and (3) Plaintiff failed to attach any exhibit showing that Town has denied the claim in writing pursuant to Florida Statute § 768.28. Therefore, Plaintiff has filed his lawsuit against the Town prematurely and his malicious prosecution claim under Count VIII should be dismissed with prejudice.

Furthermore, failure to allege compliance with the notice of claim requirements of subsection 768.28(6) warrants dismissal of the tort claim at the pleading stage. *Menendez v. North Broward Hospital District*, 537 So.2d 89 (Fla. 1988). Plaintiff's complaint does not contain any allegation of compliance with the § 768.28 notice of claim requirement, and therefore, on that basis alone, the complaint should be dismissed. It is well-settled that "[u]nder section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain

an allegation of such notice." *Levine*, 442 So.2d at 213; *City of Pembroke Pines v. Atlas*, 474 So.2d 237, 238 (Fla. 4th DCA 1985). Having failed to allege compliance with the mandatory pre-suit notice requirements of § 768.28(6), *Fla. Stat.*, Count VIII of Plaintiff's complaint fails to state a cause of action against Town and should be dismissed.

### e.   Plaintiff's complaint fails to state a § 1983 malicious prosecution claim

A municipality may only be liable under 42 U.S.C. §1983 if one of its customs or policies deprives an individual of his or her federal constitutional rights, but a municipality cannot be liable under §1983 on the basis of *respondeat superior. See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Griffin v. City of Opa Locka*, 261 F. 3d 1295, 1307 (2001). A municipality is liable under §1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell*, 436 U.S. at 694; *Mercado v. City of Orlando*, 407 F. 3d 1152, 1161 (11th Cir. 2005); *see also Cooper v. Dillion*, 403 F. 3d 1208, 1221 (11th Cir. 2005)("[T]he plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom."). A plaintiff must show that the municipality's deliberate action was taken with the "requisite degree of culpability and demonstrate a direct causal link between the action and the deprivation of federal rights"; it is not enough to merely identify conduct attributable to the employees of a municipality. *Board of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

"A plaintiff… has two methods by which to establish a [municipality's] policy: identify either (1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker for the [municipality]." *Grech v. Clayton County*, 335 F. 3d 1326, 1329 (11th Cir. 2003). In order demonstrate the

existence of a policy, a plaintiff must demonstrate a decision officially adopted by a municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. *See Sewell v. Town of Lake Hamilton,* 117 F. 3d 488, 489 (11th Cir. 1997). In order to prove municipal liability under §1983 based upon a custom, "a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Brown v. City of Ft. Lauderdale,* 923 F. 2d 1474, 1481 (11th Cir. 1991) (*quoting City of St. Louis v. Praprotnik,* 485 U.S. 112, 138 (1988)); *Monell,* 436 U.S. at 691. Random or isolated incidents do not establish a custom or policy and failure to stop such isolated incidents does not amount to tacit authorization. *Depew v. City of St. Mary's,* 787 F. 2d 1496, 1499 (11th Cir. 1986).

Here, Plaintiff has failed to allege how the execution of a custom or policy of Town has resulted in the deprivation of his constitutional rights. Rather, Plaintiff is seeking to impose vicarious liability on Town under the guise of a §1983 claim. Plaintiff has set forth a single, conclusory allegation that "[a]t all time material to this action, Defendants were acting in concert with one another, under color of state law, and pursuant to the policies, practices and customs of the Town of Ocean Ridge, which caused the constitutional deprivations alleged in this complaint." *Ex. A,* ¶ 27. The Court is not bound to accept this conclusory allegation as true and this allegation cannot defeat Town's motion to dismiss. *Gersten, B.H. Papasan, Leeds, supra*

Moreover, Count IX of the complaint simply re-incorporates the allegations pertaining to the alleged actions of the Town's officers including that the "prosecution was instituted by [the officers] without probable cause," the officers "made material misstatements or omissions of fact in support of the prosecutions," and "[n]o prosecution of Lucibella would have occurred but for the actions of [the officers]." *Id.* at ¶¶ 47-48, 50. Without identifying the specific policy or policies

Page **13** of **17**

which allegedly caused Plaintiff's alleged Constitutional violation, Plaintiff is merely seeking to improperly subject Town to *respondeat superior* liability. Plaintiff has failed to set forth a cause of action demonstrating a direct causal link between the action(s) of Town and the alleged deprivation of his federal rights; he has merely alleged conduct attributable only to the individual Defendant officers. *See Brown,* 520 U.S. at 404. Nowhere in Plaintiff's allegations against Town has Plaintiff alleged that the conduct of the individual Defendant officers was the result of an official decision made by Town to adopt or implement a policy. Thus, Plaintiff has failed to support its §1983 claim against Town by identifying an officially promulgated policy.

The other manner of establishing a policy – showing an unofficial custom or practice shown through the repeated acts of a final policymaker – would require Plaintiff make allegations sufficient to demonstrate a widespread practice so permanent and well settled that it constitutes a "custom or usage" with the force of law. *See Brown,* 923 F. 3d at 1481. Again, Plaintiff has failed to make factually sufficient allegations to support the claim that the alleged Constitutional violations were the result of an unofficial custom or practice of Town. Furthermore, Plaintiff has failed to even identify a final policy maker with the Town. *Sewell, supra.* Also, Plaintiff's complaint focuses on a single incident—his arrest on October 22, 2016—which is an isolated incident that cannot establish a custom or policy sufficient enough to hold Town liable pursuant to § 1983. *Depew, supra.* As a result of these pleading deficiencies, it would appear as though Plaintiff is seeking to simply impose vicarious liability upon Town for the alleged actions of its officers on October 22, 2016. However, a municipality cannot be liable under §1983 on the basis of *respondeat superior* and can only be liable when the execution of its policy or custom inflicts the claimed injury. Plaintiff has failed to adequately identify the policy it claims caused his injury; has failed to identify how the Town, or its final policy maker, implemented such a policy through

repeated acts; and how such policy directly caused his injury. As such, Plaintiff has failed to state a cause of action against Town for a constitutional violation pursuant to 42 U.S.C. §1983 and, therefore, Count IX of Plaintiff's complaint should be dismissed.

Even if this Court were to find that Plaintiff's threadbare allegations under Count IX are sufficient to establish municipal liability under § 1983, Plaintiff's § 1983 malicious prosecution claim would still fail because Plaintiff's complaint fails to allege key elements of this claim. To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution and (2) a violation of the Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F. 3d 1220, 1234-35 (11th Cir. 2004). In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. *Id.* at 1235. "[T]he plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest." *Id.* The Eleventh Circuit in *Kingsland* held the conditions of the plaintiff's pretrial release and the fact that the plaintiff had to pay a bond, appear at her arraignment, and make two trips from New Jersey to Florida to defend herself in court did *not* amount to a continuing seizure violative of the Fourth Amendment and, thus, the plaintiff did not have a cognizable malicious prosecution claim. *Id.* at 1236.

Here, Plaintiff's complaint generally alleges that he was "subjected to a continuing seizure" because he was "required to appear at numerous judicial proceedings for 28 months." *Ex. A*, ¶ 67. Plaintiff's complaint is devoid of any allegation that he was incarcerated following his arrest and while he was on trial. As in *Kingsland,* Plaintiff's allegations fail to state a cognizable claim for malicious prosecution since his appearances in court in the criminal proceeding do not amount to a continuing seizure. *Kingsland*, 382 F. 3d at 1235-36. Moreover, Plaintiff's § 1983 malicious

prosecution claim fails because, as argued *supra*, Plaintiff's complaint fails to allege two key elements of a common law malicious prosecution claim: (1) that the termination of the original proceeding constituted a bona fide termination of that proceeding in his favor; and (2) that there was an absence of probable cause. Because Plaintiff's complaint lacks allegations that he was subjected to a continuing seizure and lacks at least two key elements of the common law tort of malicious prosecution, Plaintiff's § 1983 malicious prosecution claim cannot survive. *Union Oil*, 468 So. 2d at 353 ("If any one of the elements is lacking, an action for malicious prosecution will not lie."). Accordingly, Count IX should be dismissed.

WHEREFORE, Defendant, TOWN OF OCEAN RIDGE, respectfully requests that this Honorable Court enter an Order dismissing Counts VIII and IX of Plaintiff's Complaint with prejudice, dismissing Town as a party defendant, and granting any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 23rd day of November, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: aamigo@rrbpa.com
        ttravis@rrbpa.com
Attorneys for Defendant Town of Ocean Ridge


*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687
ANDREA G. AMIGO
Florida Bar No.: 11026

Page **16** of 17

STYLE:          LUCIBELLA v. TOWN OF OCEAN RIDGE
CASE NO.:       50-2020-CA-011854-XXXX-MB
OUR FILE NO.:   17-142

## COUNSEL LIST

JAMES K. GREEN, ESQ.
JAMES K. GREEN, P.A.
222 Lakeview Avenue
Suite 1650, Esperantè
West Palm Beach, FL 33401
Counsel for Plaintiff
PHONE: 561.659.2029
FAX: 561-655-1357
EMAIL: jkg@jameskgreenlaw.com
E-SERVICE:
FBN: 229466

FRANK MARI, ESQ.
Bell & Roper, P.A.
2707 E. Jefferson St.
Orlando, FL 32803
Counsel for Defendant Nubia Plesnik & Richard Ermeri
PHONE: 407-897-5150
FAX: 407-897-3332
EMAIL: fmari@bellroperlaw.com
        ihaines@bellroperlaw.com
FBN:93243

LYMAN H. REYNOLDS, JR., ESQ.
ANDREA G. AMIGO, ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida 33409
Counsel for Defendant Town of Ocean Ridge
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: aamigo@rrbpa.com
        ttravis@rrbpa.com
FBN: 380687/ 11026

Filing # 115312770 E-Filed 10/20/2020 05:17:02 PM

EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CIVIL DIVISION

RICHARD JOHN LUCIBELLA,

      Plaintiff,

                              CASE NO.: _____

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,

      Defendants.

_____/

**COMPLAINT**

    Plaintiff, Richard John Lucibella, sues Defendants, Officers Richard Ermeri and Nubia

Plesnik and the Town of Ocean Ridge, Florida, and alleges:

    1.    Plaintiff, Richard John Lucibella, hereinafter referred to as "Lucibella" or

"Plaintiff," is an adult resident of Palm Beach County.

    2.    Defendant, Officer Richard Ermeri, hereinafter referred to as "Ermeri," is an adult

employee of Ocean Ridge Police Department and is sued in his individual capacity. Emeri had

been on the Ocean Ridge force for two years at the time of the incidents described below and had

been a prison guard in Glades County, Florida before that.

    3.    Defendant Officer Nubia Plesnik, hereinafter referred to as "Plesnik," is an adult

employee of Ocean Ridge Police Department and is sued in her individual capacity.

    4.    The Town of Ocean Ridge, hereinafter referred to as "Ocean Ridge," is a municipal

corporation formed pursuant to the laws of the State of Florida located within Palm Beach County.

5.      On October 22, 2016, Officer Ermeri responded to a report of shots heard in the vicinity of Old Ocean Boulevard, Ocean Ridge, adjacent to the Atlantic Ocean.

6.      When Ermeri arrived, he encountered pedestrians who indicated the shots could have originated from several different properties.

7.      While investigating the call, Ermeri eventually approached the gate to the yard of 5 Beachway North, which is Mr. Lucibella's personal residence. That residence is enclosed by a metal fence approximately four- and one-half feet in height, surrounded by a five-foot concrete privacy wall, with large hedges and other vegetation. The gate was closed and latched.

8.      Sergeant Hallahan, a third officer, arrived with Officer Ermeri, just before Officer Plesnik arrived, and agreed while at Lucibella's back gate, that he saw nothing out of the ordinary. Since "[i]t didn't look like there that anything was going on," Sergeant Hallahan left the area.

9.      Plesnik also was unconcerned. At the gate with Ermeri and Hallahan, she did not see a firearm or anything else that warranted concern and left the area.

10.      While at the gate, Ermeri then asked if anyone heard gunfire. Lucibella was sitting approximately 100 feet inside the gate on the back porch to his home with Lieutenant Wohlfiel, a friend and an off-duty police officer with the Ocean Ridge Police Department. Wohlfiel told Ermeri to "get the f[***] out of here."

11.      Ermeri was not to be deterred, however, even though he saw no signs of an emergency. As Sergeant Hallahan and Officer Plesnik left, Ermeri immediately walked through Lucibella's backyard gate, without being invited.

12.      Ermeri approached Mr. Lucibella and Lieutenant Wohlfiel.

13.      Lieutenant Wohlfiel, well-liked in the department, was Ermeri's senior officer and one year away from retirement.

14. Ermeri asked Lucibella if he shot a firearm. Lucibella denied that he had.

15. Ermeri then saw a firearm that looked like a department-issued firearm and spent casings near Lieutenant Wohlfiel but did nothing to investigate whether Wohlfiel had fired any shots or whether the casings came from the department-issued firearm, instead choosing to focus on Lucibella. Angry and humiliated by Wohlfiel's attempted dismissal of him, *see* ¶ 10, *supra*, but unwilling to directly challenge a well-liked senior officer one year from retirement, Ermeri focused on Lucibella.

16. Ermeri radioed the other two officers for backup. Sergeant Hallahan returned to the scene. He observed that neither Lucibella nor Wohlfiel was threatening anyone or engaging in unlawful activity, even if they were not cooperating fully, and that Ermeri had no cause to arrest anyone. Hallahan even called the Ocean Ridge Police Chief, who agreed the officers should leave Lucibella's home and take the gun and the casings back to the department to write up a report and try to figure out what to do since no one would talk to them.

17. Nevertheless, Ermeri questioned Lucibella at length and then asked if Lucibella had any other firearms in his possession. While seated, Lucibella volunteered that he had a pistol in his right back pocket. Ignoring Lieutenant Wohlfiel, Ermeri asked Lucibella to surrender that firearm to him (Ermeri). Lucibella retrieved his firearm from his back pocket, cleared it, and handed it to Ermeri. (Lieutenant Wohlfiel later admitted that he had fired the shots.)

18. Lucibella made it clear to Ermeri he did not want to speak with him and said words to the effect of "get off my property" and "I don't trust you." Lucibella also questioned Ermeri's right to enter his property without a warrant. Lucibella then got up with the stated intention of getting a drink from Barbara Ceuleers, his significant other, who was standing in the doorway of the house.

19.     Ermeri, apparently realizing that he was trespassing on private property and smarting from having his authority challenged by Lucibella, Wohlfiel, Hallahan and the Chief, continued to escalate the situation.

20.     Without provocation, other than his bruised ego, Ermeri placed both hands on Lucibella's chest and pushed Lucibella backward to prevent him from going to get the drink from his significant other.

21.     Lucibella responded to this violent restraint by poking Ermeri's bullet-proof vest with his finger.  That was the final straw for Ermeri who was at a boiling point.  Ermeri forcefully and violently threw Lucibella down to the stone patio deck face first, breaking his eyeglasses, resulting in severe injuries to his eye and head, knocking him unconscious, and causing lacerations on his face requiring Emergency Room treatment and sutures. Plesnik admitted that the force was not gentle. Another witness described the sound of Lucibella's head hitting the stone patio deck as like a watermelon cracking open.

22.     Plesnik, who had also returned to the scene with Hallahan, leapt to her partner's side, did a knee drop, grinding her knee into Lucibella's back while he was unconscious and drenched in blood, fracturing several of Lucibella's ribs. Only after he regained consciousness was Lucibella told for the first time that he was under arrest and charged with multiple crimes, including Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence.

23.     After being taken into custody, Lucibella repeatedly requested that he be given breathalyzer and paraffin tests to show that he was not under the influence of alcohol and had not fired a firearm but was refused those requests.  (Lucibella knows about guns and paraffin tests because he has published a law enforcement newsstand magazine.)

24.     On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor with a jury finding him not guilty of the felonies of Resisting with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of misdemeanor simple Battery resulting from the finger-poke to Ermeri's bullet-proof vest.  The firearm charge was dropped by the prosecution at the beginning of trial.

25.     All acts material to this action occurred in Palm Beach County, Florida.

26.     All counts herein state causes of action for damages exceeding $30,000.00 exclusive of costs and attorney's fees, and Lucibella has complied with any and all conditions precedent to the filing of this Complaint.

27.     At all times material to this action, Defendants were acting in concert with one another, under color of state law, and pursuant to the policies, practices and customs of the Town of Ocean Ridge, which caused the constitutional deprivations alleged in this complaint.

## COUNT I
### (Battery Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and states:

28.     The allegations of paragraphs 1 through 27 are realleged as if fully set out herein.

29.     On October 22, 2016, Defendants Ermeri and Plesnik, acting in the course and scope of their employment, did unlawfully batter, touch, and strike Lucibella without the consent of Lucibella and against his will, resulting in several fractured ribs, a head injury, a black eye and severe lacerations on his face.

30.     Ermeri and Plesnik acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights based upon their personal animosity and hostility towards Lucibella after he challenged their authority to enter his property without a warrant and asked them to leave.

31.     As a result of the actions of Defendants, Ermeri and Plesnik, Lucibella suffered damages, which include physical suffering; physical inconvenience; physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages and costs of this action and requests a jury trial of all issues so triable.

### COUNT II
(§ 1983 Excessive Force Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and states:

32.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

33.     On October 22, 2016, Defendants Ermeri and Plesnik, acting in the course and scope of their employment, did batter, touch, and strike Lucibella without his consent and against his will, resulting in several fractured ribs, a black eye and lacerations on his face.

34.     The force used by Ermeri and Plesnik was excessive and unreasonable under the circumstances and in violation of Lucibella's Fourth and Fourteenth Amendment rights under the United States Constitution.

35.     42 U.S.C. § 1983 provides a remedy for violation of these rights, and 42 U.S.C. § 1988 provides for attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

## COUNT III
### (False Arrest or Imprisonment Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

36.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

37.     On or about October 22, 2016, Ermeri and Plesnik, acting in the course and scope of their duties as police officers employed by Ocean Ridge, arrested Lucibella.

38.     Ermeri and Plesnik physically deprived Lucibella of his freedom and liberty and restrained him in his movements both at the scene of the arrest and continuing at the jail operated by Ocean Ridge.

39.     Lucibella did not consent to the actions of Ermeri and Plesnik, and said actions were against the will of Lucibella.

40.     The restraint of Lucibella by Ermeri and Plesnik was unlawful and unreasonable in that it was not based upon lawfully issued process of court and Ermeri and Plesnik did not have a valid warrant for the arrest of Lucibella.

WHEREFORE, Plaintiff demands judgment against Ermeri and Plesnik for compensatory damages and costs of this action and demands a jury trial of all issues so triable.

## COUNT IV
### (§ 1983 False Arrest/False Imprisonment Against Ermeri and Plesnik)

41.     The allegations of paragraphs 1 through 27, 30 and 31 are realleged as if fully set out herein.

42.     Defendants Ermeri and Plesnik arrested or caused to be arrested Lucibella, without probable cause, for Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence, and without a warrant, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

### COUNT V
(Malicious Prosecution Against Ermeri and Plesnik Based on Actual Malice)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

43.     Plaintiff realleges the allegations of Paragraphs 1 through 27, 30 and 31 as if fully set out as to this Count.

44.     On or about October 22, 2016, Ermeri and Plesnik arrested Lucibella for Discharging a Firearm in Public, Using a Firearm Under the Influence, and Resisting with Violence.

45.     After arresting Lucibella, Ermeri and Plesnik caused a prosecution to be instituted against Lucibella in the Circuit Court, in and for Palm Beach County.

46.     On December 7, 2016, the State charged Lucibella by Information in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Court, Case No. 2016CF010468AMB, with Battery on a Law Enforcement Officer (Count I), Resisting an Officer with Violence (Count II), and Using a Firearm While Under the Influence of an Alcoholic Beverage (Count III), requiring that Lucibella appear in court to answer charges.

47.     That prosecution was instituted by Ermeri and Plesnik without probable cause, as the facts observed by Ermeri and Plesnik prior to arresting Lucibella, and the matters known to

them before instituting the aforementioned prosecution, would not have warranted a reasonable person to believe that any criminal offense had been committed by Lucibella.

48.     Defendants Ermeri and Plesnik made material misstatements or omissions of fact in support of the prosecutions.

49.     Ermeri and Plesnik acted with actual malice in instituting the aforesaid prosecution, which is implied by the lack of probable cause, and/or with express malice as shown by their reckless disregard for the rights of Lucibella and their personal animosity and hostility towards Lucibella.

50.     No prosecution of Lucibella would have occurred but for the actions of Ermeri and Plesnik.

51.     On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor when the jury found him not guilty of Resisting Arrest with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of simple Battery. The firearm  charge was dropped by the prosecution at the beginning of trial.

52.     The fact of Lucibella's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County, appearing on court documents available for public scrutiny, and being reported in the media.

53.     As a result of the actions of Ermeri and Plesnik, Lucibella experienced emotional anguish and suffering; embarrassment; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; legal fees for his defense of the criminal charges; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, costs of litigation, and trial by jury.

### COUNT VI
(§ 1983 Malicious Prosecution/Continuing Seizure Against Ermeri and Plesnik)

Plaintiff sues Defendants Ermeri and Plesnik and alleges:

54.    Plaintiff realleges the allegations of Paragraphs 1 through 27, 30, 31 and 44-53 as if fully set out as to this Count.

55.    As a result of Ermeri and Plesnik's actions, Lucibella was required to appear at numerous judicial proceedings for 28 months and was subjected to a continuing seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

### COUNT VII
(§ 1983 Unreasonable Search Against Ermeri and Plesnik)

56.    Plaintiff realleges all allegations of paragraphs 1 through 27, 30 and 31 as if fully set forth herein.

57.    On October 22, 2016, Ermeri and Plesnik entered and searched Lucibella's curtilage without a warrant, consent, exigent circumstances, or any legal justification.

58.    Ermeri and Plesnik's unlawful search violated Lucibella's right to be free from unreasonable searches in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants Ermeri and Plesnik for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

**COUNT VIII**
(Malicious Prosecution Based on Legal and Not Actual Malice Arising from Arrest
and Prosecution Against Ocean Ridge)

59.      Plaintiff realleges all allegations of paragraphs 1-27, 44-48, 50-53 and 55 as if fully set forth herein.

60.      After causing Lucibella to be arrested, Ermeri and Plesnik caused a prosecution to be instituted against Lucibella in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Court, Case No. 2016CF010468AMB, requiring that Lucibella appear in Court to answer charges.

61.      Said prosecution was instituted with legal malice implied by the lack of probable cause, as the facts observed by Ocean Ridge through Ermeri and Plesnik prior to arresting Lucibella, and the matters known to them before the instituting of the aforementioned prosecution, would not have warranted a reasonable person to believe that any criminal offense had been committed by Lucibella.

62.      No prosecution of Lucibella would have occurred but for the actions of Ocean Ridge through Ermeri and Plesnik.

63.      On February 1, 2019, the criminal proceeding was terminated in Lucibella's favor when the jury found him not guilty of Resisting Arrest with Violence and Battery on a Law Enforcement Officer but guilty of the lesser offence of simple Battery. The firearm charge was dropped by the prosecution at the beginning of trial.

64.      The fact of Lucibella's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County and appearing on court documents available for public scrutiny.

65.   As a result of the Town's actions, Lucibella suffered damages, which include physical suffering; physical inconvenience; physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment; loss of time; mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation; loss of all property insurance coverage; loss of business contract(s); forced divestiture of business assets by the State of Florida; suspension of pilot license; loss of position as Vice Mayor of Ocean Ridge; and emotional damage and damage to Lucibella's reputation and health, all of which are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ocean Ridge for compensatory damages and costs of this action and demands a jury trial of all issues so triable.

**COUNT IX**
(§ 1983 Malicious Prosecution/Continuing Seizure Against Ocean Ridge)

Plaintiff sues Defendant Town of Ocean Ridge and alleges:

66.   Plaintiff realleges the allegations of Paragraphs 1-27, 44-48, 50-53, 55 and 65 as if fully set out as to this Count.

67.   As a result of the Town's actions, Lucibella was required to appear at numerous judicial proceedings for 28 months and was subjected to a continuing seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Town of Ocean Ridge for compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988, costs of litigation, and trial by jury.

Respectfully submitted,


*/s/ James K. Green*
James K. Green,
Florida Bar No: 229466
Nancy A. Udell, Esq.
Florida Bar No: 125478
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL  33401
Tel:  561-659-2029
Fax:  561-655-1357
jkg@jameskgreenlaw.com

**Counsel for Plaintiff**