UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:20-CV-82156-DSL

RICHARD LUCIBELLA,

Plaintiff,

vs.

OFFICERS RICHARD ERMERI,
NUBIA PLESNIK, and
TOWN OF OCEAN RIDGE,

Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO TAX COSTS [ECF No. 302]

As a prevailing party, the defendant, Town of Ocean Ridge, moves for taxable

costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). For the reasons stated below,

it is RECOMMENDED that the Motion for Bill of Costs be GRANTED IN PART and

DENIED IN PART.

### LEGAL PRINCIPLES

Under the Federal Rules, prevailing parties are entitled to recover costs as a

matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ.

P. 54(d)(1). Federal Rule of Civil Procedure 54(d) creates a presumption in favor of

awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929

F.2d 633, 639 (11th Cir. 1991). This presumption is not without limits, and courts

may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d

1

600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *See Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)     Fees and disbursements for printing and witnesses;
> (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)     Docket fees under section 1923 of this title;
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, 2019 WL 2567665, at 2* (S.D. Fla. May 29, 2019). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir.1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir.1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in

> order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D.Fla.1997).

*Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.,* 06-22139-CIV, 2009 WL 1456338, at *6 (S.D. Fla. May 22, 2009).

The overarching principle is that taxable costs must have been necessarily incurred for use in the case, and not merely for the convenience of counsel. For example, printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at *1 (S.D. Fla. July 31, 2017) (J. Bloom) (citing *W&O*, 213 F.3d at 620-21). Extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008); *Suarez v. Tremont Towing, Inc.*, No. 07-21430, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008).

In this case, the Town is the prevailing party. Mr. Lucibella opposes the Motion in part. ECF No. 305. Nonetheless, the Court has an independent obligation to ensure that the costs awarded are proper under Section 1920. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute."). The Court retains discretion to decline to award some or all of the prevailing party's costs.

*Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason' " is required. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (citing Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed.1998)).

**DISCUSSION**

The Town filed a Bill of Costs seeking $9,521.89. ECF No. 302. The categorized costs were:

| | |
|---|---|
| Fees for the filing | $400 |
| Fees for service of subpoenas | $2,229 |
| Fees for transcripts | $5,443.65 |
| Fees for copies | $1,449.24 |

ECF No. 302. The costs are supported by receipts appended to the Bill of Costs. In his Response, Mr. Lucibella objects to all but $1,998.11 of these costs. ECF No. 305 at 6.

### 1. Fees of the Clerk and Marshal

It is well-settled that private process server fees may be taxed pursuant to Section 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *W & O, Inc.*, 213 F.3d at 624; *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *2–3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). The current regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114.

Here, the Town seeks to recover $2,229 in service expenses. ECF No. 302 at 3–5. Mr. Lucibella objects to $1502 of these expenses. ECF No. 305 at 3–4. The Town's Motion and supporting documents reflect process server fees which range from $25 to $99, in addition to fees for rush service, check advance, and additional addresses. ECF No. 302 at 4–56.

The Town did not establish that there were any extraordinary circumstances warranting expedited service. Therefore, rush service fees will not be awarded. *See Cardona v. Mason and Dixon Lines, Inc.*, No. 16-22704-CIV, 2018 WL 369160, at *4 (S.D. Fla. Jan. 10, 2018) (finding rush fees will not be awarded absent extraordinary circumstances). The Court calculates the additional fee for rush service in the instant case to be $335. ECF No. 302 at 4–13. Accordingly, the Court will disallow $335 from the Town's request.

The Court identified multiple charges for service to individuals at additional addresses, totaling to $175 in fees (ECF No. 302 at 12, 14, 19, 20, 31, 36, 53). The Town does not provide a sufficient explanation why witnesses had to be served multiple times at multiple addresses. Therefore, the cost of $175 for these multiple service attempts will be disallowed. *See, e.g.*, *Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2023 WL 2244829, at *10 (S.D. Fla. Feb. 9, 2023), *report and recommendation adopted*, 2023 WL 2240456 (S.D. Fla. Feb. 27, 2023).

The Town also requests $40 in check advance fees (ECF No. 302 at 22, 23) and $297 in nationwide service fees (ECF No. 302 at 18, 28, 52). Similar to above, the Town does not justify the necessity of those charges, and, therefore, those costs of $40

and $297 will be disallowed. *Rodriguez v. Costco Wholesale Corp.*, No. 22-CV-22255, 2024 WL 808977, at *4 (S.D. Fla. Jan. 11, 2024) (finding the costs not taxable when the prevailing party did not explain the need for the additional charges).

Accordingly, the Court finds that the Town's request for fees in connection with service of subpoenas shall be reduced by $847, making the Town's total taxable cost for service $1,382. Moreover, the Town has requested $400 for the filing fee incurred after the case was removed. ECF No. 302 at 3. Filing fees are taxable costs under 28 U.S.C. § 1920, and thus the Court allows the full $400 filing fee to be taxable.

### 2. Transcripts

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable); *George v. Florida Dept. of Corrections,* 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008). Courier, postage, exhibits, expedited copies, condensed transcripts, and shipping and handling fees are not taxable costs under Section 1920. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285 (S.D. Fla. 2015); s*ee also George,* 2008 WL 2571348 *report and recommendation adopted in part,* No. 07-cv-80019, 2008 WL 11412061, at *6 (S.D. Fla. July 7, 2008) (finding expedited and condensed transcripts not recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.,* 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges

for exhibits); *Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV, 2007 WL 781912 (S.D. Fla. Mar. 13, 2007) (finding videotapes of the same deposition, copies of transcript exhibits, postage and handling are not taxable).

The Town seeks $5,443.65 for transcripts. ECF 302 at 5–8. Of this, Mr. Lucibella objects to $325 in alleged optional deposition charges and $10 for a videoconference fee, arguing the Town has not shown why these costs are necessary. ECF No. 305 at 5–6. The Town claims the transcripts are taxable in their entirety because they were reasonably necessary for use in the case. ECF No. 306 at 4.

The Town has not offered any explanation why these extraneous expenses were necessary, including those surcharges associated with exhibits, transcript technology package, condensed transcript, handling and processing, videoconference, production and archival, and medical and technical fees. ECF No. 302 at 57–62. *See Andre v. Biro*, No. 19-62181-CIV, 2022 WL 889970, at *3 (S.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 888363 (S.D. Fla. Mar. 25, 2022) ("[T]he undersigned finds the video technology package and the shipping associated with the [p]laintiff's deposition to be for the convenience of the party and not recoverable."); *Cotayo v. Fed. Express Corp.*, No. 20-CV-60919, 2022 WL 16716022, at *3 (S.D. Fla. Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 16714261 (S.D. Fla. Nov. 4, 2022) (finding unexplained costs for deposition technology packages, condensed transcripts, production and archival, scheduling administration fees, and exhibits should be denied when the prevailing party offers no explanation why these

extraneous expenses should be taxed); *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at \*5–6 (S.D. Fla. May 3, 2022), *report and recommendation adopted,* 2022 WL 1605333 (S.D. Fla. May 20, 2022) (finding costs for "Medical/Technical surcharge" should be denied when the prevailing party offers no explanation why these extraneous expenses were necessary and taxable)

Having reviewed the invoices for the transcript charges (ECF No. 302-1 at 57, 59, 62), the Court finds the following costs associated with the transcripts to not be reasonably necessary for the depositions used in preparation for and at trial: exhibits, transcript technology package, condensed transcript, handling and processing, videoconference, production and archival, and medical and technical fees. Accordingly, the Court finds that the Town's taxable costs shall be reduced by $686.40, making the Town's total taxable cost for transcripts $4,757.25.

### 3.  Copies

Section 1920 specifically allows a prevailing party to recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

> The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case." The moving party must present evidence "regarding the documents copied including their use or intended use." This evidence should include information regarding the purpose of the copies, whether the copies were related to the action, and what the copies were for.

*See Levy v. Remy Cointreau USA, Inc.,* No. 14-20906-CV, 2015 WL 12868176, at *4 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted,* 2015 WL 12866378 (S.D. Fla. June 11, 2015). The Eleventh Circuit has stated that "in evaluating whether copying costs are recoverable, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

The Town requests $1,449.24 for copying Mr. Lucibella's police practices expert's files, in addition to copying costs associated with obtaining Mr. Lucibella's medical, business, and court records. ECF No. 302-1 at 63–83. Mr. Lucibella has no objections to the Towns' request to recover $1,021.76 for copying charges, but objects to the balance of $437.40. ECF No. 305 at 3–4.

The Town claims the $1,449.24 associated with obtaining records, including medical, business, and court records were necessarily obtained for use in this case as Mr. Lucibella made multiples allegations, including:

> mental and physical injuries, aggravation of an existing medical condition, loss of time, damage to his reputation, loss of all property insurance coverage, loss of business contracts, forced divestiture of business assets by the State of Florida, suspension of pilot license, and loss of position as Vice Mayor of Ocean Ridge as a result of his arrest on October 22, 2016, and subsequent prosecution as described in the operative complaint. [ECF No. 21, at ¶¶ 25, 32, 34, 56, 64(d), 66].

ECF No. 302 at 9. Mr. Lucibella has not duly responded to this argument. "It is axiomatic that arguments not supported and properly developed are deemed waived." *W. Sur. Co. v. Steuerwald,* No. 16-cv-61815, 2017 WL 5248499 *3 (S.D. Fla.

9

Jan. 17, 2017), aff'd, 760 F. App'x 810 (11th Cir. 2019). "When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased." *Id.* (citing *Hewlett-Packard Co. v. CP Transp. LLC*, No. 12-cv-21258, 2012 WL 4795766, at *2 (S.D. Fla. Oct. 9, 2012)). "Thus, '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Id.* (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)). The Town has demonstrated that the copies were necessary for use in this case.

The Court finds that the Town is entitled to the total amount requested for copies of $1,449.24. *See White v. Creative Hairdressers, Inc.*, No. 11-60723-CIV, 2013 WL 12140370, at *3 (S.D. Fla. July 15, 2013) (citing *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corp. of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005) ("Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable.")), *report and recommendation adopted*, 2013 WL 12142368 (S.D. Fla. Aug. 22, 2013).

## <u>REPORT AND RECOMMENDATION</u>

Accordingly, this Court **RECOMMENDS** that the District Court tax $7,988.49 in costs pursuant to 28 U.S.C. § 1920 as follows:

| | |
|---|---|
| Fees for the filing | $400 |
| Fees for service of subpoenas | $1,382 |

| | |
|---|---|
| Fees for transcripts | $4,757.25 |
| Fees for copies | $1,449.24 |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 25th day of February, 2026, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

11