**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:20-cv-82156-LEIBOWITZ/REINHART**

**RICHARD JOHN LUCIBELLA,**

      *Plaintiff,*

v.

**TOWN OF OCEAN RIDGE, et al.,**

      *Defendants.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation by United States Magistrate Judge Bruce E. Reinhart [ECF No. 311] (the "R&R"), filed on March 16, 2026, recommending that Defendant Town of Ocean Ridge's Motion for Attorney's Fees ("the Motion") [ECF No. 300] be DENIED. [ECF No. 311 at 1, 10]. Judge Reinhart issued the R&R consistent with the referral order, 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 303]. The Town timely objected to the R&R [ECF No. 313], and Plaintiff filed a Notice of Intent Not to Object [ECF No. 312]. Upon due consideration of the Motion, the R&R, the objections, the parties' papers, the relevant portions of the record, and the governing law, this Court's *de novo* review finds no error. Accordingly, this Court ADOPTS AND AFFIRMS the Report and Recommendation.

### I.      STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).   Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.   Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## II.   BACKGROUND

Plaintiff Richard John Lucibella ("Plaintiff") sued the Town of Ocean Ridge (the "Town") and two of its police officers for violating his Fourth Amendment rights under 42 U.S.C. § 1983, in addition to asserting state-law claims against the officers under Florida law.   [*See* Am. Compl., ECF No. 21].   The lawsuit stemmed from an altercation that took place at Plaintiff's home on the evening of October 22, 2016, during which two of the Town's police officers entered the curtilage of Plaintiff's back yard without a warrant, and arrested Plaintiff using alleged excessive force.   [*See id.* ¶¶ 9–28].   The parties subsequently stipulated to the dismissal of some of Plaintiff's claims, and the Court dismissed others [*see* ECF No. 89]; only Plaintiff's Section 1983 claims for unreasonable search and excessive force against the officers remained for trial.   [*See* ECF No. 163].

Pertinent to the Town's Motion for attorney's fees, Plaintiff asserted two claims against the Town in the Amended Complaint, which were dismissed with prejudice approximately one year into the litigation.   [*See* ECF Nos. 24, 89].   Those counts alleged that the Town violated Plaintiff's Fourth and Fourteenth Amendments, asserting claims for malicious prosecution (Count VIII) and excessive force (Count IX) under 42 U.S.C. § 1983.   [Am. Compl., ECF No. 21 ¶¶ 62–67].

Plaintiff's Section 1983 claims against the two police officers were tried to a jury commencing August 18, 2025.   [ECF Nos. 274, 26, 279, 282].   On August 22, 2025, the jury returned a verdict in favor of the officers and against Plaintiff on all counts.   [ECF No. 285].   Thereafter, Final Judgement was entered in favor of the Town and against Plaintiff on November 7, 2025.   [ECF No. 299].   The

Town then moved for an award of taxable costs [ECF No. 302], which the Court granted in part and denied in part upon the recommendation of the Magistrate Judge.  [ECF Nos. 303, 307, 310].  The Town now seeks an award of **$134,200.30** in attorney's fees and **$4,293.32** in non-taxable costs under Section 1988(b).  [ECF No. 300].

The R&R recommends denying the Town's request for an award of attorney's fees and non-taxable costs, finding the Town failed to show that Plaintiff's claims against the Town were "so groundless and meritless as to be frivolous" to support an award under Section 1988.  [ECF No. 311 (applying *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); and *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188 (11th Cir. 1985))].

## III.    DISCUSSION

The Town agrees with Magistrate Judge Reinhart that the proper test for awarding fees and costs under Section 1988 is "frivolousness."  [*See* ECF No. 313].  The Town objects, however, to Judge Reinhart's finding that Plaintiff's malicious prosecution and excessive force claims asserted against the Town were not frivolous.

On the malicious prosecution claim, the Town argues the claim was frivolous because Plaintiff "was seized without legal process and could not reasonably pursue a legal claim for continuing seizure," absent the quintessential element of that claim—legal process.  [*Id.* at 5 (citing *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1308 (S.D. Fla. 2011); *Martin v. Miami Dade Cnty.*, 2024 WL 1434329, at *6 (11th Cir. Apr. 3, 2024); *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004) (distinguishing between a malicious prosecution claim and a false arrest claim under Section 1983))].  At bottom, the Town maintains that "any competent attorney bringing both false arrest and malicious prosecution claims in an action (which was the case here) should be aware of the necessary elements and requisite factual basis for each particular claim and should not be shielded

3

from paying attorney's fees when the elements of the claim cannot be met and have failed to be properly pled." [ECF No. 313 at 5].

As for the excessive force claim, the Town contends this claim was frivolous because Plaintiff "attempted to bring a *respondeat superior* claim against the Town for the actions of the officer defendants during a single event under a failure to train theory, which was clearly frivolous." [*Id.* at 8]. In a nutshell, the Town argues Plaintiff's failure to state a *prima facie* case for either alleged constitutional deprivation entitles the Town to recover "reasonable attorney's fees… expended solely because of the frivolous allegations[.]" [*Id.* at 3 (citing *Fox v. Vice*, 563 U.S. 826, 840–41 (2011))].

Although this case presents a close question, Magistrate Judge Reinhart's R&R correctly stated and applied the law here. Judge Reinhart expressly addressed all the above arguments and correctly concluded, given the current state of the law, that the claims were not "so groundless or meritless as to rise to the level of frivolousness," to support a Section 1988 award, particularly when such awards are generally not given to prevailing defendants. [ECF No. 311 at 5, 9]. The undersigned agrees with Magistrate Judge Reinhart, given the law in these types of Section 1988 fee motions in the Eleventh Circuit. The Court has carefully reviewed the Amended Complaint [ECF No. 21], the Joint Motion to Dismiss [ECF No. 24], and the Court's Order dismissing the claims against the Town [ECF No. 89], and the Court does not find the claims asserted against the Town to be "frivolous" so as to entitle the Town to an award of Section 1988 attorney's fees under Eleventh Circuit strictures. *See, e.g., Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985); *Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991); *Walker v. Nationsbank of Fla., N.A.,* 53 F.3d 1548, 1559 (11th Cir.1995); *Bates v. Islamorada, Village of Islands*, 2007 WL 2113586 at *5-7 (S.D. Fla. July 23, 2007) (Garber, M.J.).

## IV.   CONCLUSION

After *de novo* review, this court finds no error in Judge Reinhart's findings and recommendations. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

4

1.  The Magistrate Judge's Report and Recommendation [ECF No. 311] is ADOPTED AND AFFIRMED and fully incorporated herein.

2.  The Town's Objections [ECF No. 313] are OVERRULED.

3.  The Motion [ECF No. 300] is DENIED.

**DONE AND ORDERED** in the Southern District of Florida on June 23, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record